IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK A. THOMAS, *et al.*,

    Plaintiffs,

    v.                     Civil No. ELH-18-1839

JAMES M. SACK, *et al.*,

    Defendants

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Derek and DeLeonna Thomas ("Plaintiffs"), who are self-represented, filed a "Quiet Title Complaint" (the "Complaint") on May 11, 2018, in the Circuit Court for Anne Arundel County, Maryland, against Wells Fargo Bank, N.A. ("Wells Fargo"); NVR Mortgage Finance, Inc. ("NVR"); and James M. Sack, Trustee (collectively, "Defendants"). ECF 1-1. Plaintiffs alleged that Defendants' actions deprived them of their "right, title, possession. [sic] estate, and equity" in their property, located at 1602 Lindley Drive in Hanover, Maryland ("the Property"). *Id.*

The suit contains six counts. Count I is titled "Desparagement [sic] of Title"; Count II is titled "James M. Sack Trustee Conflict Of Interest"; Count III is titled "Wells Fargo Banka [sic] N.A. Subordinate Deed of Trust"; Count IV is titled "FHA And HUD Loan Settlement"; Count V is labeled "Breach of Contract"; and Count VI is titled "Promissory Estoppel And Detrimental Reliance."

Wells Fargo removed the case to federal court on June 20, 2018, pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1, ¶ 11. NVR and Sack consented to the removal. *Id.* ¶ 5.

Soon after, Wells Fargo moved to dismiss the Complaint (ECF 6), supported by a memorandum of law (ECF 6-1) (collectively, the "Wells Fargo Motion"), and exhibits. The Clerk's Office sent Rule 12/56 letters to Plaintiffs, advising them of the potential consequences of failing to respond to the dispositive motion. ECF 7; ECF 8.

On July 3, 2018, Sack and NVR moved to dismiss (ECF 11), supported by a memorandum of law (ECF 11-1) (collectively, "the Sack/NVR Motion") and numerous exhibits. Once again, the Clerk's Office sent Rule 12/56 letters to Plaintiffs, advising them of the potential consequences of failing to respond to the dispositive motion. ECF 12; ECF 13.

Plaintiffs did not file an opposition to either motion. *See* Docket. But, Plaintiffs did file a motion to remand the case to State court, pursuant to 28 U.S.C. § 1447. ECF 22. Wells Fargo filed an opposition to the motion to remand (ECF 23), as did NVR and Sack. ECF 24.

No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (2018). For the reasons that follow, I will deny Plaintiffs' Motion to Remand (ECF 22) and grant the Defendants' motions to dismiss. ECF 6; ECF 11.

### I. Factual and Procedural Background

The factual allegations in the Complaint are somewhat sparse and difficult to understand.

Plaintiffs are "the prior grantee owners" of the Property, which is located in Anne Arundel County, Maryland. ECF 1-1, ¶¶ 1, 5.[1] On June 17, 2011, Plaintiffs executed a Note and Deed of Trust as security for a loan on the Property, in the amount of $565,600.00. *See* ECF 6-4.

---

[1] As discussed, *infra*, in the posture of this case, I must assume the truth of the facts alleged by Plaintiffs. Because the allegations of fact are sparse, however, I have included in the summary a handful of facts drawn from certain defense exhibits that are subject to judicial notice.

On July 6, 2011, NVR transferred Plaintiffs' Mortgage and Note to Wells Fargo, without recording an assignment of mortgage. ECF 1-1, ¶ 9. Wells Fargo submitted a draft modification loan to Plaintiffs on December 8, 2015, although Wells Fargo "was not the holder of the mortgage and note by assignment of mortgage." *Id.* ¶ 10. On that same date, Wells Fargo created a subordinate deed of trust and subordinate promissory note. *Id.* ¶ 16. Sack served as the Vice President, General Counsel, and Secretary of NVR, but also served as trustee to Plaintiffs' Deed of Trust. *Id.* ¶ 13.

According to the defense, Plaintiffs defaulted on the Loan. Therefore, on September 19, 2017, Substitute Trustees, on behalf of loan servicer Wells Fargo, instituted foreclosure proceedings against them in the Circuit Court for Anne Arundel County. *See Brown, et al. v. Thomas, et al.*, No. C-02-CV-17-002705 (Anne Arundel Cty. Cir. Ct.) (the "Foreclosure Action"). Plaintiffs never challenged the foreclosure sale. They did not file a motion to stay or dismiss the sale, they did not file exceptions to the sale; and they did not challenge the auditor's report. *See* ECF 6-2 (Anne Arundel County Circuit Court Docket). The Circuit Court entered a report of sale on December 20, 2017, and Judge Kathleen Vitale ratified the sale by "Final Order" dated February 6, 2018. ECF 6-3. A report and account of auditor was filed on February 22, 2018. ECF 6-2. The State issued a writ of possession on May 10, 2018. *Id.* One day later, plaintiffs filed this suit.

## II. Legal Standards

Both the Wells Fargo Motion (ECF 6) and the Sack/NVR Motion (ECF 11) are premised on Federal Rule of Civil Procedure 12(b)(6). That Rule permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221

(2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ––– U.S. ––––, 135 S. Ct. 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the

4

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

I am also mindful that Plaintiffs are self-represented litigants. Thus, their pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md.

5

Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he or she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also MD v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

Ordinarily, in resolving a motion under Rule 12(b)(6), a court "is not to consider matters outside the pleadings...." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007); *see*

*Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). If a court considers material outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56," in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Under certain limited circumstances, however, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

For instance, without converting a Rule 12(b)(6) motion to a Rule 56 motion, under Rule 12(d), "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Id.*; *see* Fed. R. Evid. 201(b) (stating, that a "court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *cf. Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (per curiam) (noting that the court may take judicial notice of information on a website, "so long as the web site's authenticity is not in dispute"). However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck*, 708 F.3d at 557.

In this case, I take judicial notice of the public records filed in the Foreclosure Action, *Brown, et al. v. Thomas, et al.*, C-02-CV-17-002705, in the Circuit Court for Anne Arundel

County. In that case, Wells Fargo, by Substitute Trustees, initiated a foreclosure against Plaintiffs and eventually gained title to the Property, after a ratified foreclosure sale. *See* ECF 6-2; ECF 6-3; ECF 6-4; ECF 11-9; ECF 11-10; ECF 11-11; ECF 11-12; ECF 11-13; ECF 11-14.

### III. Plaintiffs' Motion to Remand

Plaintiffs filed a motion to remand their Complaint to State court, pursuant to 28 U.S.C. § 1447, alleging that subject matter jurisdiction is lacking in federal court because diversity is not complete. ECF 22 at 3.

Under 28 U.S.C. § 1332(a)(1), the federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)).

Here, it is undisputed that the amount in controversy exceeds $75,000. However, Plaintiffs assert that complete diversity is lacking, because State records suggest that each of the three defendants is registered to do business in Maryland. ECF 22 at 3. Although the Complaint does not reference the State corporate records, it does allege that "all transactions and potential witness [sic] are doing business in the State of Maryland." ECF 1-1 ¶ 5.

8

In the context of actions removed from State court, the domicile of the parties for jurisdictional purposes is determined at the time of removal. *See, e.g.*, *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction [is] fixed at the time...[the] notice of removal is filed."); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) ("Diversity must be established at the time of removal."); *but see Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986) ("[T]he required diversity must exist both when the suit is filed—as the statute itself makes clear, see 28 U.S.C. § 1441(a)—and when it is removed....") (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3723, at 312–14 (2d ed. 1985)).

In a typical case, a defendant's challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

Although defendants have not moved to dismiss under Rule 12(b)(1), the same principles are at play in this motion: Defendants have invoked diversity jurisdiction, which Plaintiffs challenge. The challenge is essentially a factual one, attacking Defendants' assertion of complete diversity. ECF 22 at 3. As such, I may consider the evidence presented by the parties with their memoranda. *See Velasco*, 370 F.3d at 398.

Looking first at Wells Fargo, national banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Title 28 U.S.C. § 1348 provides: "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."

The Supreme Court has expressly rejected the view that § 1348 conveys citizenship in a national bank in every state in which it maintains banking operations. *Wachovia Bank*, 546 U.S. at 308, 319. Rather, a national banking association is "located in," and thus a citizen of, the state in which its main office is located. *See id.* at 318 (holding that, under § 1348, a national bank is located "in the State designated in its articles of association as its main office"); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707.708 (9th Cir. 2014) ("[U]nder § 1348, a national bank is 'located' only in the state designated as its main office."); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) ("[P]ursuant to § 1348, a national bank is a citizen only of the state in which its main office is located."); *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("*Wachovia Bank* held that national banks are citizens only of the states in which their main offices are located . . . .").

Plaintiffs do not contest Wells Fargo's assertion that its main office is located in South Dakota. *See, e.g.*, *Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d. 623, 626 n.2 ("Wells

Fargo is a national banking association that, for jurisdictional purposes, is a citizen of South Dakota, the state where its main office is located."); *see also Dickens v. World Savings Bank, FSB*, Case No. 18-cv-1271-LAB (RBB), 2019 WL 913069, at *1 (S.D. Cal. Feb. 22, 2019) ("Wells Fargo is a citizen of South Dakota."); *Wells Fargo Bank, N.A. v. Kaveh*, 743 Fed. App'x 112, 112 (9th Cir. 2018) (unpublished) ("Wells Fargo, with its main office in South Dakota, 'is a citizen only of South Dakota' because a national bank is a citizen 'only of the state in which its main office is located.'") (quoting *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014)). Therefore, Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.

As to Sack and NVR, the Complaint makes no specific allegations regarding their citizenship in Maryland. In contrast, Defendants have submitted the Declaration of James M. Sack (ECF 23-1), in which Sack avers, under penalty of perjury, that he is a resident and citizen of the Commonwealth of Virginia, and that NVR was incorporated under the laws of Virginia and maintains its corporate headquarters, which serves as its principal place of business, in Reston, Virginia. ECF 23-1 ¶3;[2] *see* 28 U.S.C. § 1332(c)(1) (a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Thus, the defendants are not citizens of Maryland. It follows that there is complete diversity of citizenship, and Plaintiffs' motion to remand the Complaint to State court lacks merit.

### IV. Defendants' Motions to Dismiss

---

[2] The Sack Declaration has two paragraphs enumerated "3," both of which contain information relevant to this question. ECF 23-1.

Before turning to the merits of Defendants' motions, I note that in Plaintiffs' motion to remand, Plaintiffs challenge the timeliness of Defendants' motions to dismiss. Under Federal Rule of Civil Procedure 81(c)(2), in an action removed from state court, a defendant

> must answer or present other defenses or objections under these rules within the longest of these periods:
> (A)     21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B)     21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C)     7 days after notice of removal is filed.

Therefore, the Wells Fargo Motion was timely, because it was filed on June 27, 2018, within seven days after notice of removal was filed on June 20, 2018. *See* ECF 1; ECF 6. This Court is unable to determine, from the current record, whether the Sack/NVR Motion was timely or untimely. Neither party has provided the date on which NVR or Sack received "a copy of the initial pleading stating the claim for relief," or the date on which NVR or Sack were "served with the summons for an initial pleading on file at the time of service." Fed. R. Civ. P. 81(c)(2). Without those two dates, this Court cannot determine whether the Sack/NVR Motion complied with the deadlines in Rule 81(c)(2). Regardless, because the Wells Fargo Motion and the Sack/NVR Motion raise near-identical arguments as to the application of *res judicata*, and because those principles apply equally to all three defendants, and because Plaintiffs have not established that the Sack/NVR motion was untimely, the arguments will be considered on their merits.[3]

---

[3] Even if Sack/NVR did not respond timely once the notice of removal was filed, Plaintiffs did not seek default prior to the filing of the Sack/NVR motion. Such procedural dispositions are disfavored in any event, and are frequently rescinded. *See, e.g.*, *Tazco, Inc. v. Dir., Office of Workers. Comp. Programs, U.S. Dept. of Labor*, 895 F.2d 949 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits.").

As noted, the Complaint contains six counts, some of which do not allege viable causes of action under Maryland law. *See, e.g.*, Count III ("Wells Fargo Banka [sic] N.A. Subordinate Deed of Trust"); Count IV ("FHA and HUD Loan Settlement"). The overall relief sought in Plaintiff's "Quiet Title Complaint," however, is restoration of Plaintiffs' rights to the Property, in addition to monetary damages. ECF 1-1 at 8 (seeking to enjoin Defendants "from future Trespass to Plaintiffs [sic] Property"; to order Defendants "to restore the Property to the condition it was"; and to "resolve any land disputes between the parties."). Defendants allege that all of Plaintiffs' claims are barred by *res judicata*, because the claims could have been raised as defenses in the Foreclosure Action.

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine is intended to preclude parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Id.* at 153-54.[4]

Res judicata applies when the following three elements are present: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Young-Henderson v. Spartanberg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). Notably, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata.

---

[4] Issue preclusion, or collateral estoppel, bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Hatley v. Watts*, ___ F.3d ___, 2019 WL 1050650, at *3 (4th Cir. March 6, 2019) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

13

*Onawola v. Johns Hopkins Univ.*, AMD-07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982).

1. **Final Judgment on the Merits**

The sale of the Property through the Foreclosure Action was ratified by the Circuit Court for Anne Arundel County on February 6, 2018. ECF 11-14. That ratification is a final judgment on the merits. *See, e.g.*, *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 684 (D. Md. 2018) ("The ratification of sale constitutes a final judgment for preclusion purposes."). As Judge Chasanow explained in *McGhee v. JP Morgan Chase Bank, N.A.*, Civil Action No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013): "The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale. When a state court finalizes a foreclosure after the plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property, that adjudication is a final judgment on the merits." (Internal quotations and citations omitted). Thus, the first element of *res judicata* is met.

2. **Identical Claims or Cause of Action**

Plaintiffs' claims in the Complaint are identical to those that could have been raised and decided in the Foreclosure Action. A cause of action is "identical" for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986); *see Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) ("[W]e follow the 'transactional' approach when considering whether causes of action are identical: 'As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect.'" (Citation omitted)); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996).

In Maryland, courts use the "transaction test" to ascertain whether claims are "identical" to those claims that were or could have been raised in prior litigation. *See Kent Cnty Bd. of Educ. v. Bilbrough*, 309 Md. 487, 499-500, 525 A.2d 232, 238 (Md. 1987). The transaction test provides that "a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 145 Md. App. 635, 806 A.2d 314, 325 (2002) (citing *FWB Bank v. Richman*, 354 Md. 472, 493, 731 A.2d 916, 928 (1999)). Notably, "[u]nder this transactional approach, res judicata will bar a 'newly articulated claim[]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter*, 720 F.3d at 210 (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)).

Res judicata is not restricted to claims actually adjudicated in the prior litigation, but also bars claims that could have been brought. *Boyd*, 145 Md. App. at 656, 806 A.2d at 325 (citing *Gertz v. Anne Arundel Cnty.*, 339 Md. 261, 269, 661 A.2d 1157, 1161 (1995). In particular, judges of this Court have held repeatedly that res judicata precludes collateral attack on state court judgments of foreclosure. *See, e.g.*, *Peden v. BWW Law Group*, Civil Action No. PWG-16-4012, 2018 WL 690880, at *4 (D. Md. Feb. 1, 2018) (finding that allegations of falsification of promissory and deed of trust notes and foreclosure by an improper party satisfied the second element of res judicata because they could have been raised in the foreclosure proceeding); *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683-84 (D. Md. 2018) (finding that an action to quiet title, alleging that the lenders did not properly hold the deed of trust and litigated the foreclosure action without authority, satisfied the second element of res judicata because all of the claims could have been raised in the foreclosure action); *Prudencio v. Capital One, N. A.*, Case No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (determining that all of

plaintiffs' claims could have been raised in the foreclosure action and were precluded); *Bullock v. Ocwen Loan Servicing, LLC*, Civil No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's claims, premised on the contention that defendants lacked legal authority to enforce the note and deed of trust, arose out of the same transactions as the state foreclosure action and were precluded); *McCreary v. Benificial Mortg. Co. of Md.*, Civil Action No. AW-11-CV-1674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing, as barred by res judicata, the plaintiff's claims including fraud and fraudulent misrepresentation, because "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"); *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (determining that plaintiff's claims in federal court, including illegal foreclosure, fraud, misrepresentation, and conspiracy, were barred by res judicata because they concerned the same transaction as the foreclosure proceeding).

Plaintiffs seem to contend that Defendants engaged in misconduct and used improper and falsified documentation to support the foreclosure proceeding. ECF 1-1. This case, therefore, is on all fours with the claims precluded by state foreclosure judgments in the series of cases identified above. Accordingly, the second res judicata element is satisfied.

### 3. Identity of Parties or Their Privies

In the Foreclosure Action, Plaintiffs were the Defendants and a Substitute Trustee served as the Plaintiff, on behalf of Wells Fargo. *See* ECF 6-4. In this case, Plaintiffs have sued Wells Fargo, along with its predecessor noteholder, NVR, and a predecessor Trustee, Sack. Although Wells Fargo was not a named party to the Foreclosure Action, Wells Fargo was listed on the docket as an interested party. ECF 6-2.

Parties are in privity for purposes of res judicata where they are "so identified in interest . . . that [they] represent the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Moreover, "[p]rivity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants." *Kayzakian v. Buck*, 865 F.2d 1258 (Table), at *2 (4th Cir. 1988) (per curiam) (citing *Mears v. Town of Oxford, Md.*, 762 F.2d 368, 371 n.3 (4th Cir. 1985)).

Of relevance here, "where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties." *Ugast v. La Fontaine*, 189 Md. 227, 232-33, 55 A.2d 705 (1947). Specifically, the Fourth Circuit has determined that when a substitute trustee "prosecute[s] [a] state court foreclosure action on behalf of [a mortgage servicer], which in turn serviced the underlying mortgage on behalf of [the lender,]" the servicer, lender, and substitute trustee share "the same right to foreclose" on the mortgage, such that "the privity component of claim preclusion is satisfied." *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 644 (4th Cir. 2011) (per curiam); *see also Anyanwutaku,* 85 F. Supp. 2d at 571 (finding "privity, under Maryland law, between substitute trustee who filed prior foreclosure action and successor holders of the underlying mortgage note.").

Similarly, predecessor noteholders and predecessor trustees are in privity with the foreclosure parties, since they share a mutuality of interest in the validity of the foreclosure judgment. *Jones*, 444 Fed. App'x at 644; *see also Young v. Ditech Financial, LLC*, Civil Action

17

No. PX 16-3986, 2017 WL 3066198, at *6 (D. Md. July 19, 2017) (finding the initial holder of a note and the subsequent holder to be in privity with the substitute trustees in the foreclosure); *Gaston v. PNC Bank, Nat. Ass'n*, No. PWG-12-2343, 2013 WL 140927, at *3 (D. Md. Jan. 10, 2013) (finding privity between the trustees who filed suit on behalf of the noteholder's predecessor-in-interest and the current noteholder); *Modderno v. Ocwen Loan Servicing, LLC*, Case No. 1:17-cv-77 (JCC/TCB), 2017 WL 1234287, at *3 (E.D. Va., Apr. 4, 2017) ("Substitute trustees under a deed of trust are also deemed to be in privity with any predecessor trustees under that same instrument . . .").

Thus, in this case, all three defendants are in privity with the substitute trustees in the Foreclosure Action, satisfying the third element of res judicata. Because all three elements of res judicata are satisfied, Plaintiffs' claims in this Court are precluded and must be dismissed.

## V. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand (ECF 22) is denied. And, I shall grant the Defendants' motions to dismiss (ECF 6; ECF 11).

An Order follows.

Dated: March 7, 2019                                /s/
                                                                  Ellen L. Hollander
                                                                  United States District Judge